FILED
At 1 11 O'clock P M

SEP 07 2021

CHASITY DEISCH
PHILLIPS COUNTY CIRCUIT CLERK
_____ D.C.

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

ELIZABETH ANN DUVALL-KELLEY          PLAINTIFF

v.      No. 54CV-21-127

NORTH DELTA GIN CO., LLC;
BRANDON WAYNE CHILDRESS; and
JOHN DOES 1-10          DEFENDANTS

## COMPLAINT

Comes the Plaintiff, ELIZABETH ANN DUVALL-KELLEY, and for her Complaint against Defendants, NORTH DELTA GIN CO., LLC; BRANDON WAYNE CHILDRESS; and JOHN DOES 1-10, states:

### I. JURISDICTION & VENUE

1. This Court has jurisdiction over the subject matter of this action as this is an action seeking monetary damages for medical bills and expenses for injuries, conscious pain and suffering, and economic damages.

2. This Court has personal jurisdiction over all of the Defendants due to the Defendants' contact with the state of Arkansas. The accident giving rise to this lawsuit occurred in Arkansas.

3. Venue is proper in this Court because a substantial portion of the events

of omissions giving rise to this lawsuit occurred in Phillips County. Plaintiff is a resident of Lexa, Phillips County, AR.

## II. PARTIES

4. The Plaintiff, ELIZABETH ANN DUVALL-KELLEY, is a resident and citizen of Lexa, Phillips County, AR.

5. The Defendant, BRANDON WAYNE CHILDRESS ("CHILDRESS"), is a resident and citizen of Sarah, MS. At the time of the occurrence referred to herein, CHILDRESS was the agent, servant, or employee of NORTH DELTA GIN CO, LLC.

6. Defendant, NORTH DELTA GIN CO., LLC, is a foreign company with its principal place of business located in Marks, MS. Its registered agent for service of process is Grover Lawson III, 98 Pleasant Grove Road, Sardis, MS 38666.

7. NORTH DELTA GIN CO., LLC, at the time of the occurrence referred to herein, was engaged in the business of a motor carrier engaged in interstate commerce, operating commercial motor vehicles and subject to the rules and regulations of the United States Federal Highway Administration, Department of Transportation, using the roads and highways of the United States, specifically, the state of Arkansas.

8. Defendants, JOHN DOES 1-10, are individuals or entities that, either through their own negligence or vicariously through other individuals or entities, are

liable for the injuries sustained by the Plaintiff in the motor vehicle collision which is the subject of this lawsuit. Despite diligent inquiry, the identities and whereabouts of these individuals remain unknown at this time. See Exhibit 1, Affidavit of Bud Whetstone.

9. This action involves personal injuries sustained by ELIZABETH ANN DUVALL-KELLEY while traveling in Helena, AR, on April 15, 2021. On that day, ELIZABETH ANN DUVALL-KELLEY was the operator of an automobile, being operated in a safe and prudent manner, heading west on Martin Luther King Drive, Highway 49. At that same time, the tractor/trailer owned by Defendant NORTH DELTA GIN CO., LLC, and certain JOHN DOE entity Defendants, driven by Defendant CHILDRESS, was traveling South on Highway 49B (Briscoe Street). Defendant CHILDRESS then attempted to turn left with his 18 wheel tractor/trailer onto Highway 49 toward the Mississippi River Bridge. In doing so, he negligently turned in front of the vehicle Ms. DUVALL-KELLEY was operating as it continued straight from Martin Luther King Drive onto Briscoe Street (Martin Luther King Drive seamlessly turns into Briscoe Street). Both vehicles had a Green Light, but this intersection did not have a Green Arrow Light providing for a protected left turn. As a result of Defendant CHILDRESS' negligent decision to turn left in front of the vehicle which Ms. DUVALL-KELLEY was driving, a collision occurred. The collision was due to the negligence of Defendants as more fully described herein. The collision

caused medical expenses, injuries, and extensive suffering of ELIZABETH ANN DUVALL-KELLEY.

10. Also at this time, Defendant CHILDRESS was operating NORTH DELTA GIN CO., LLC's vehicle with a noncommercial license. Defendant CHILDRESS was cited for reckless driving. Upon information and belief, CHILDRESS has pled guilty to this charge, forfeited his bond, or paid a fine.

### III. NATURE OF ACTION

11. This is an action for injuries, damages, and conscious pain and suffering.

### IV. GENERAL ALLEGATIONS

12. This action involves personal injuries, damages, and conscious pain and suffering sustained by ELIZABETH ANN DUVALL-KELLEY while traveling in Helena, AR, on April 15, 2021. On that day, Ms. DUVALL-KELLEY was the operator of an automobile, being driven in a safe and prudent manner, heading west on Martin Luther King Drive, Highway 49. At that same time, the tractor/trailer owned by Defendant NORTH DELTA GIN CO., LLC, and certain JOHN DOE entity Defendants, driven by Defendant CHILDRESS, was traveling South on Highway 49B (Briscoe Street). Defendant CHILDRESS then attempted to turn left with his 18 wheel tractor/trailer onto Highway 49 toward the Mississippi River Bridge. In doing so he negligently turned in front of the vehicle Ms. DUVALL-KELLEY was driving as it continued straight from Martin Luther King Drive onto

Briscoe Street (Martin Luther King Drive seamlessly turns into Briscoe Street). Both vehicles had a Green Light, but this intersection did not have a Green Arrow Light providing for a protected left turn. As a result of Defendant CHILDRESS' negligent decision to turn left in front of the vehicle in which Ms. DUVALL-KELLEY was driving, a collision occurred. The collision was due to the negligence of Defendants as more fully described herein. The collision caused the medical expenses, injuries, and damages of ELIZABETH ANN DUVALL-KELLEY.

13.   At all times immediately before, during, and after the collision in question, the vehicle which Ms. DUVALL-KELLEY was operating was being driven in a reasonable and safe manner and in compliance with all applicable rules of the road.

14.   ELIZABETH ANN DUVALL-KELLEY was taken by ambulance to Helena Regional Medical Center where she was treated for her injuries.

15.   As a result of the negligence of the Defendants, ELIZABETH ANN DUVALL-KELLEY sustained medical injuries and pain and suffering, and further incurred medical expenses in the past and will in the future, as well as additional or future pain and suffering and economic damages in the past and future.

16.   At all times relevant, Defendant CHILDRESS was acting in the course and scope of his employment as an agent or employee of NORTH DELTA GIN CO., LLC. At the time of the collision, Defendant CHILDRESS was an employee or agent of Defendant NORTH DELTA GIN CO., LLC, and was acting within the course and

scope of his employment or agency. All negligence of Defendant CHILDRESS is imputed to NORTH DELTA GIN CO., LLC, under the doctrines of vicarious liability and *respondeat superior*.

17. Defendant CHILDRESS failed to operate his vehicle at a safe rate of speed, keep a proper lookout, keep his vehicle under control, obey traffic signals, and attempted to illegally turn his vehicle on the highway and failed to yield to a vehicle with a superior right of way, thus, causing the collision.

18. As a result of the Defendants' careless and negligence described herein, the resulting collision caused the injuries, medical expenses, and economic damages sustained by ELIZABETH ANN DUVALL-KELLEY.

### COUNT I
### NEGLIGENCE IN OPERATION, MAINTENANCE, AND USE OF THE VEHICLE

19. Paragraphs 1-18 are incorporated herein by reference as set forth word for word.

20. On April 15, 2021, Defendants were careless and negligent in the operation, maintenance, and use of the subject tractor/trailer.

21. As the driver of a commercial tractor/trailer, Defendant CHILDRESS had a duty to drive at a speed that was reasonable and prudent under the circumstances, yield to oncoming traffic, and act in a way that ensured the safety of other drivers.

22. Specifically, but without limitations, Defendant CHILDRESS breached these duties and was negligent for failing to operate his vehicle at a safe rate of speed, keep a proper lookout, keep his vehicle under control, obey traffic signals, and attempted to illegally turn his vehicle on the highway and failed to yield to a vehicle with a superior right of way, drive at a speed that is reasonable and prudent under the circumstances, failing to yield to oncoming traffic, and otherwise failing to act in a way that ensured the safety of other drivers, thus, causing the collision. He was also illegally driving a tractor/trailer without a commercial driver's license.

23. As a result of Defendants' negligence, ELIZABETH ANN DUVALL-KELLEY incurred medical expenses, disfigurement, scarring, economic damages, and suffered conscious pain and suffering in the past and will in the future.

24. The negligence of CHILDRESS was a cause in fact and proximate cause of ELIZABETH ANN DUVALL-KELLEY's damages as described herein.

25. At the time of the accident, CHILDRESS was acting within the course and scope of his employment with NORTH DELTA GIN CO., LLC, and his actions, inactions, and negligence can be imputed to NORTH DELTA GIN CO., LLC, as a matter of law by federal regulations and Arkansas Statutory and Common law.

26. Upon information and belief, the tractor operated by CHILDRESS contained the logo or identification of NORTH DELTA GIN CO., LLC, on the cab of the tractor, and, therefore, NORTH DELTA GIN CO., LLC, held the tractor, trailer,

and driver out as its agent, servant, or employee. The negligence of CHILDRESS is additionally imputed to NORTH DELTA GIN CO., LLC, under the theories of "logo liability," apparent and ostensible agency.

27. Defendants knew or should have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage, and Defendants continued the conduct with malice and in reckless disregard of the consequences from which malice might be inferred. Defendants intentionally pursued the course of conduct for the purpose of causing injury and that conduct did, in fact, harm ELIZABETH ANN DUVALL-KELLEY. Defendants acted intentionally, recklessly, and maliciously. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

## COUNT II
## DIRECT NEGLIGENCE OF NORTH DELTA GIN CO., LLC

28. Paragraphs 1-27 are incorporated herein by reference as set forth word for word.

29. Defendant NORTH DELTA GIN CO., LLC, and certain JOHN DOE entity Defendants knew or, in the exercise of ordinary care, should have known that Defendant CHILDRESS' and certain JOHN DOE individual Defendants' conduct would subject third parties to an unreasonable risk of harm.

30. Defendant NORTH DELTA GIN CO., LLC, and certain JOHN DOE entity Defendants were negligent in the hiring of Defendant CHILDRESS and JOHN

DOE individual Defendants in that they failed to take adequate precautions to determine the individual's past history and propensity to subject third parties to an unreasonable risk of harm.

31. In addition, after discovering evidence of the individuals' propensity to subject third parties to an unreasonable risk of harm, NORTH DELTA GIN CO., LLC, and certain JOHN DOE entity Defendants were negligent in retaining Defendant CHILDRESS and JOHN DOE individual Defendants.

32. Defendants NORTH DELTA GIN CO., LLC, and certain JOHN DOE entity Defendants were negligent in that they failed to exercise ordinary care to investigate and ensure that positions such as operators and drivers of their tractor/trailers, which had the potential to cause an unreasonable risk to third parties, were only filled with qualified personnel.

33. NORTH DELTA GIN CO., LLC, was negligent in the hiring, training, instruction, and supervision of CHILDRESS, and that negligence was a proximate cause of this occurrence.

34. NORTH DELTA GIN CO., LLC, was negligent in entrusting the tractor/trailer to BRANDON WAYNE CHILDRESS. NORTH DELTA GIN CO., LLC, knew or reasonably should have known that BRANDON WAYNE CHILDRESS was impaired, incompetent, inexperienced, or reckless. Thus, NORTH DELTA GIN CO., LLC's entrustment of the tractor/trailer to BRANDON WAYNE

CHILDRESS created an unreasonable risk of harm and proximately caused Plaintiff's damages.

35. At this time, Defendant CHILDRESS was also operating the Defendant's vehicle with a noncommercial license. Defendant CHILDRESS was cited with reckless driving. Upon information and belief, CHILDRESS has pled guilty to this charge or forfeited his bond or paid a fine.

36. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages in an amount in excess of that required by federal diversity jurisdiction.

37. Defendants knew or should have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage, and Defendants continued the conduct with malice and in reckless disregard of the consequences from which malice might be inferred. Defendants intentionally pursued the course of conduct for the purpose of causing injury and that conduct did, in fact, harm ELIZABETH ANN DUVALL-KELLEY. Defendants acted intentionally, recklessly, and maliciously. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

38. The Defendants in this action are joint tortfeasors and are, therefore, jointly and severally liable for Plaintiff's damages as described herein.

## V. DAMAGES

39. As a proximate result of the joint and several negligence of the Defendants, ELIZABETH ANN DUVALL-KELLEY suffered, and will continue to suffer, multiple injuries and further suffered, and will continue to suffer, pain, suffering, discomfort, disfigurement, scarring, and mental anguish as well as medical expenses and economic damages.

40. ELIZABETH ANN DUVALL-KELLEY should have and recover judgment in an amount to be set by the jury in excess of the minimum amount required for federal court diversity from the Defendants, jointly and severally, as compensatory damages for the injuries and damages sustained in the past the those reasonably certain to be incurred in the future as a result of the negligence of the Defendants.

41. Defendants knew or should have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage, and Defendants continued the conduct with malice and reckless disregard of the consequences from which malice might be inferred. Defendants intentionally pursued the course of conduct for the purpose of causing injury and that conduct did, in fact, harm ELIZABETH ANN DUVALL-KELLEY. Defendants acted intentionally, recklessly, and maliciously. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

## VI. DEMAND FOR JURY TRIAL

42.  Plaintiff demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

43.  WHEREFORE, the Plaintiff, ELIZABETH ANN DUVALL-KELLEY, prays she have and recover judgment from and against the Defendants, jointly and severally, in an amount excess of the minimum amount of federal court diversity jurisdiction, for all damages allowed by law, and for all other relief for which she maybe entitled.

                BUD B. WHETSTONE
                WHETSTONE LAW FIRM
                415 NORTH MCKINLEY, SUITE 535
                LITTLE ROCK, AR 72205
                (501) 376-3564
                (501) 376-6938 FAX
                budwhetstone@yahoo.com

By: _/s/ Bud B. Whetstone_____
      BUD B. WHETSTONE (69082)

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

ELIZABETH ANN DUVALL-KELLEY      PLAINTIFF

v.      No. 54CV-21-___

NORTH DELTA GIN CO., LLC;
BRANDON WAYNE CHILDRESS; and
JOHN DOES 1-10      DEFENDANTS

### AFFIDAVIT

I, Bud Whetstone, attorney for Plaintiff, ELIZABETH ANN DUVALL-KELLEY, do solemnly swear and affirm that the identity of the additional tortfeasors stated as JOHN DOES 1-10 are unknown. I have attempted a diligent inquiry to ascertain the identity of any such tortfeasors, but have been unable to determine the identity of said tortfeasors. Upon determination of the identity of the additional tortfeasors, I will amend the Complaint and substitute the real names for the pseudo-names.

                                                       _____
                                                       Bud B. Whetstone

STATE OF ARKANSAS
COUNTY OF PULASKI

SUBSCRIBED AND SWORN TO before me this 31st day of August, 2021.

                                                       _____
                                                       NOTARY PUBLIC

My Commission Expires: 1/29/2025

13 of 13



EXHIBIT 1